IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02999-GPG

MORRIS PARDUE,

    Petitioner,

v.

[NO RESPONDENT NAMED],

    Respondent.

## ORDER DISMISSING CASE

    Plaintiff, Morris Pardue, is in the custody of the Federal Bureau of Prisons at the Federal Correctional Institution in Florence, Colorado.  He initiated this action by filing a Motion for Judicial Recommendation Pursuant to the Second Chance Act of 2007 (ECF No. 1-1) in the Western District of Texas.  The Western District of Texas construed the motion as a request for relief pursuant to 28 U.S.C. § 2241, and transferred the case to the District of Colorado, where Mr. Pardue is incarcerated.  (ECF Nos. 1, 1-2).  Because Petitioner is challenging the execution of his federal sentence, an action has been commenced under 28 U.S.C. § 2241.

    On November 6, 2014, Magistrate Judge Boyd N. Boland reviewed Mr. Pardue's pleading and determined that it was deficient.  Magistrate Judge Boland directed Petitioner to file an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 on the court-approved form, within 30 days of the November 6 Order.  (ECF No. 3).  Mr. Pardue was also directed to file a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action, or pay the $5.00 filing fee,

within 30 days.  (*Id.*).

On December 1, 2014, Mr. Pardue filed a Notice (ECF No. 5) in which he states that he "does not challenge the execution of his federal sentence . . . and does not intend to pursue a habeas corpus action in this court." (*Id.*).  Petitioner requests that the Court dismiss this action without prejudice.  (*Id.*).

Fed. R. Civ. P. 41(a)(1) provides that "the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment . . . ."  No answer or other responsive pleading has been filed in this action.  Further, a voluntary dismissal under Rule 41(a)(1) is effective immediately upon the filing of a written notice of dismissal, and no subsequent court order is necessary.  *See* J. Moore, Moore's Federal Practice ¶ 41.02(2) (2d ed. 1995); *Hyde Constr. Co. v. Koehring Co.*, 388 F.2d 501, 507 (10th Cir. 1968).  The motion, therefore, closes the file as of December 1, 2014.  *See Hyde Constr. Co.*, 388 F.2d at 507.  Accordingly, it is

ORDERED that the action is dismissed pursuant to Fed. R. Civ. P. 41(a)(1).  It is

FURTHER ORDERED that the voluntary dismissal is without prejudice and is effective as of December 3, 2014.

DATED December 3, 2014, at Denver, Colorado.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court